UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH ALLEN RUTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART STORES INC., et al.,<br><br>　　　　Defendants. | No.  2:22–cv–1199–KJM–CKD PS<br><br>ORDER GRANTING IFP REQUEST & GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2, 6, 7.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, federal courts must screen IFP complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").

---

[1]   Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

In this case, two of the four named defendants (Walmart and the Vacaville Police Department ("VPD")) have already appeared and filed motions to dismiss, before the court was able to independently screen the complaint under § 1915(e)(2)(B). (ECF Nos. 6, 7.) The other two defendants (the Suisun Police Department and the Solano County Superior Court) have not yet appeared—nor are they required to at this point, before the court has screened the complaint and determined that it states a colorable claim.

The court now conducts the screening required under § 1915(e)(2)(B), finds that the complaint as written fails to state a claim, and grants plaintiff leave to amend to attempt to fix the problems described below. The court therefore denies as moot the motions to dismiss.[2]

**Legal Standards**

As noted, federal courts must screen IFP complaints and dismiss any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements

---

[2]   Defendant Walmart also moves under Federal Rule of Procedure 12(f) to strike from the docket the extraneous documents that plaintiff filed after filing his complaint. (ECF No. 6.1 at 10, requesting to strike ECF Nos. 3 and 4.) The court denies this motion as well because plaintiff's "brief" and "exhibit and witness list" are not portions of a pleading susceptible to a Rule 12(f) motion to strike. See Fed. R. Civ. P. 12(f) (court may strike "from a pleading" an insufficient defense, or immaterial, impertinent, or scandalous matter). At the same time, the contents of these documents also are not considered part of the operative complaint for screening purposes. **Plaintiff is advised that the only appropriate filing at this time is an amended complaint and any attachments accompanying that amended complaint. No stand-alone briefs, exhibits, or witness lists are required or permitted at this time.**

Defendant VPD also brings a Rule 12(f) motion of its own, moving to strike from the complaint plaintiff's request for punitive damages. (ECF No. 7 at 7.) While this motion is a proper use of Rule 12(f), the court denies the motion as moot because the entire complaint is being dismissed under § 1915(e)(2)(B) with leave to amend.

2

of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

////

////

**Analysis**

Plaintiff's complaint currently fails to state a claim against any of the four defendants.

***1. Claims against Walmart***

The complaint asserts a range of Title VII and ADA violations for retaliation and discrimination based on plaintiff's race, national origin, sex, sexual orientation, and disability status. (ECF No. 1 at 3-5.)

Claims of employment discrimination and retaliation under the ADA and Title VII can only be brought against plaintiff's "employer," not any other entity. Assuming plaintiff intends to bring these claims against Walmart, where he previously worked, the complaint fails to plead the required elements of each of the various types of claims for the reasons explained in Walmart's motion to dismiss (ECF No. 6).

***2. Claims against Police Departments***

As to the defendant police departments (the Suisun Police Department ("SPD") and the VPD), the complaint fails to state a claim against either entity for at least the reasons explained in the VPD's motion to dismiss (ECF No. 7). The complaint contains virtually no allegations as to how these entities harmed plaintiff in connection with his claims against Walmart. All that can be inferred from the complaint is that at some point plaintiff "was arrested," perhaps while at work, "for reporting discrimination and hostile work environment." (ECF No. 1 at 5.) While additional details might exist in the separate filings plaintiff submitted at ECF Nos. 3 and 4, those documents are not part of the complaint and their contents cannot be considered as operative allegations. In amending the complaint, plaintiff is advised to include all relevant factual allegations **within the body of the complaint**.

   *i. Possible Constitutional Claims*

The current complaint does not indicate what legal claims plaintiff is attempting to assert against the SPD or the VPD. To the extent plaintiff might be attempting to assert a 42 U.S.C. § 1983 claim of excessive force under the Fourth Amendment, the complaint must show that an officer's use of force against him was objectively unreasonable under the circumstances and that it was not "rationally related to a legitimate nonpunitive governmental purpose" or was

4

"excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (citing Bell v. Wolfish, 441 U.S. 520, 561 (1979)); Byrd v. Phoenix Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018). The complaint currently contains no allegation of any use of force, much less an unreasonable use of force.

To the extent plaintiff might be attempting to assert a claim for unlawful arrest, such a claim is cognizable under 42 U.S.C. § 1983 as a violation of the Fourth Amendment "provided that the arrest was made without probable cause or other justification." Dubner v. City and County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Here, however, the complaint does not allege sufficient facts about the circumstances of plaintiff's arrest to support a plausible inference that probable cause or other justification was lacking.[3]

Plaintiff may also be intending to assert other claims against the police departments, but the court will not guess at what those other claims might be in the absence of any specific factual allegations as to why plaintiff is suing the VPD or SPD in this action.

        *ii.    Municipal Liability Pleading Requirements*

In addition, if plaintiff wishes to bring these (or any other) constitutional claims against either the VPD or the SPD, the amended complaint will have to meet the pleading requirements for imposing municipal liability, as these are departments within their respective local government entities (Vacaville and Suisun City). Liability under 42 U.S.C. § 1983 may only be imposed on local governments when their official policies or customs cause their employees to violate an individual's constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). A plaintiff may establish Monell liability by showing that a city or county employee committed an alleged constitutional violation pursuant to a formal governmental policy or a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citation omitted). A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy

---

[3] As noted above, plaintiff cannot sue the SPD or the VPD for the currently asserted employment-related claims because they are not alleged to be plaintiff's employer.

with respect to the subject matter in question." Fogel v. Collins, 531 F.3d 824, 834 (9th Cir. 2008) (citation omitted). A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (citation omitted). In order to hold the city liable, the policy, practice, or custom must be the "moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy or custom must "reflect[] deliberate indifference to the constitutional rights of [the municipality's] inhabitants." City of Canton v. Harris, 489 U.S. 378, 392 (1989); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016).

Thus, for any constitutional violation plaintiff might wish to assert against the City of Vacaville or Suisun City (via the VPD or SPD) under § 1983, he would have to allege facts showing "that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the [city]." Gillette, 979 F.2d at 1346. In very restricted circumstances, the *lack* of a city policy to limit constitutional violations—for instance a failure to train its employees or officers—can also give rise to Monell liability. See City of Canton, 489 U.S. at 390; Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) ("[T]he decision not to take any action to alleviate the problem of detecting missed arraignments constitutes a policy for purposes of § 1983 municipal liability.").

The current complaint lacks sufficient facts to raise a Monell claim of any sort against the VPD or SPD (as subdivisions of their respective cities) for any constitutional violation. Plaintiff does not allege which specific city officers or employees he believes violated his constitutional rights, or how they did so; nor does he connect their conduct to a city policy, practice, or custom.

Alternatively, should plaintiff amend his complaint to name as defendants specific officers of the VPD or SPD in their individual capacities, the above municipal liability pleading requirements would not apply.

////

////

### 3. *Claims against Solano County Superior Court*

The complaint contains even fewer allegations as to why the fourth defendant, the Solano County Superior Court, is being sued in this action. Even with additional allegations, however, plaintiff cannot proceed with any claim against the Superior Court because it is immune from suit.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities[.]" Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Because the Superior Court is an arm of the state, suits against the court (or its employees in their official capacity) for monetary damages are barred by the Eleventh Amendment. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that plaintiff could not state claim against superior court because such suits are barred by the Eleventh Amendment) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987)).

Accordingly, any amended complaint may not include a claim for damages against the Solano County Superior Court.

### 4. *Need for More Specific Allegations Overall*

In addition to the substantive claim-specific problems outlined above, plaintiff must also provide greater detail regarding the overall timeline of events, how each individual defendant was involved in the events, and which claims are directed at which defendants. Although the Federal Rules adopt a flexible pleading policy, a complaint must give each defendant fair notice of what the claim is against them and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Fed. R. Civ. P. 8(a) requiring a "short and plain statement" of (1) the grounds for the court's jurisdiction and (2) the claim showing that plaintiff is entitled to relief). Plaintiff must allege with at least some degree of particularity what overt acts each defendant engaged in that support plaintiff's claims.

////

////

**Leave to Amend**

In light of plaintiff's pro se status, and because it is possible that plaintiff could allege facts to potentially state a claim against one or more defendant, the court grants plaintiff an opportunity to amend the complaint. See Lopez, 203 F.3d at 1130 ("leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect") (cleaned up).

If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and must set forth each of plaintiff's legal causes of action in separate sections clearly identifying which defendant(s) are allegedly at fault for each claim, and clearly identifying what legal cause of action is being asserted (for example: Claim I against defendants X, Y, and Z for "Title VII Violation," Claim II against defendants X and Y for "ADA Violation"). Under each section, plaintiff must then list the specific factual allegations supporting that particular claim. (For brevity, plaintiff may refer to specific prior paragraphs.) For each claim, plaintiff must allege what specific conduct each defendant engaged in, when the conduct occurred, and how the conduct harmed him. However, the statement of the claim should be kept relatively "short."

**Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the first amended complaint complete**. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend the complaint in compliance with the court's order, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

////

2. **Within 30 days** of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action;
    a. Plaintiff's failure to timely comply with this order will result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b);
3. Defendant Walmart's motion to dismiss and motion to strike (ECF No. 6) are DENIED as moot, and there will be no hearing on these motions;
4. Defendant Vacaville Police Department's motion to dismiss and motion to strike (ECF No. 7) are DENIED as moot, and there will be no hearing on these motions; and
5. Upon plaintiff's filing of any amended complaint, the court will re-screen the amended complaint under § 1915(e)(2)(B) to determine whether it states any claim. No defendant is required to respond to the original complaint or to any amended complaint until the court orders that the action is suitable to proceed, consistent with § 1915(e)(2)(B).

Dated:  August 29, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.ruth.1199